IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                        Plaintiff,

-v-

$131,901.65 United States currency seized from Bank of America account number XXXXXXX8448 in the name of New York IOLA Trust Accounts, Frank R. Parlato Trustee;

$460,986.32 United States currency seized from First Niagara Bank account number XXXXXX4836 in the name of Frank Parlato IOLA Fund of the State of New York; and

$222,310.72 of the $407,250.23 United States currency seized from Key Bank account number XXXXXXXX0606 in the name of Frank R Parlato IOLA Fund Attorney Escrow Account/IOLA,

                        Defendants.

22-CV-601

## STIPULATION FOR SETTLEMENT AND FORFEITURE

IT IS HEREBY STIPULATED by and between the parties in this action, the United States of America, by its attorney, Trini E. Ross, United States Attorney for the Western District of New York, Grace M. Carducci, Assistant United States Attorney, of counsel, the Claimant, Frank R. Parlato, Jr., personally and by and through his attorney, Paul J. Cambria Jr., that this action be settled on the following terms and conditions:

    1.    Frank R. Parlato, Jr. is the only Claimant (hereinafter "Claimant") to the defendant accounts.

2.      Upon approval of this Stipulation by the Court, the Claimant consents to the forfeiture of the defendant accounts to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and shall be disposed of according to law:

    a.    $131,901.65 United States currency seized from Bank of America account number XXXXXXX8448 in the name of New York IOLA Trust Accounts, Frank R. Parlato Trustee;

    b.    $460,986.32 United States currency seized from First Niagara Bank account number XXXXXX4836 in the name of Frank Parlato IOLA Fund of the State of New York; and

    c.    $222,310.72 of the $407,250.23 United States currency seized from Key Bank account number XXXXXXXX0606 in the name of Frank R Parlato IOLA Fund Attorney Escrow Account/IOLA

(hereinafter collectively referred to as the "defendant accounts").

3.      The Claimant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the defendant accounts. The Claimant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of the defendant accounts in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this civil proceeding or any related criminal proceeding. The Claimant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of the defendant accounts by the United States, the State of New York or any of its subdivisions.

4.      The Claimant agrees to release and hold harmless the United States of America, Federal Bureau of Investigation, Internal Revenue Service, Department of Justice, and their agencies, employees, agents, and contractors from any and all civil liability arising from the seizure of the defendant accounts or from the filing of the complaint against the defendant

accounts.

5. By entering into this Settlement Agreement, the Claimant and his attorney waive any and all claims that they, either individually or together, have or may have for attorney's fees, expenses, interest, other costs or any other relief pursuant to 28 U.S.C. § 2465(b), 28 U.S.C. § 2412 (the Equal Access to Justice Act), 18 U.S.C. § 983, or any other provision of law, not specifically provided for in this Settlement Agreement arising out the seizure of the defendant accounts, the filing of this civil forfeiture action, and the resulting forfeiture. In addition, the amounts to be forfeited in this civil forfeiture action shall not negate or satisfy any tax obligations, fines, penalties, restitution, or monetary obligations, if any, imposed by the court in connection with the sentencing of the defendant in connection with Criminal Docket No. 15-CR-149.

6. The parties further agree that the United States of America had probable cause to institute this action. Entry into this agreement by the Claimant does not constitute an admission of any wrongdoing or an acknowledgment of the truth of the government's allegations in the forfeiture complaint.

7. This Settlement Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Settlement Agreement is the

United States District Court for the Western District of New York. For purposes of construing this Settlement Agreement, this Settlement Agreement shall be deemed to have been drafted by all Parties to this Settlement Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

8. Upon review and approval of this Settlement Agreement, the Court shall issue an Order in accordance with the terms and conditions contained herein.

TRINI E. ROSS
United States Attorney
Western District of New York

August 5, 2022
Date

_____
GRACE M. CARDUCCI
Assistant United States Attorney
500 Federal Building
100 State Street
Rochester, New York 14614
(585) 263-6760
Grace.Carducci@usdoj.gov

8/5/22
Date

By: _____
Paul J. Cambria Jr.
Attorney for Claimant
Frank R. Parlato, Jr.
42 Delaware Avenue
Suite 120
Buffalo, New York 14202
(716) 849-1333
pcambria@lglaw.com

August 5, 2022
Date

_____
FRANK R. PARLATO, Jr.
Claimant